IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIPS 66 COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| KRSM INC., AND | § | |
| RIAR HR LLC; | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Phillips 66 Company ("Phillips 66") files this Original Complaint against KRSM Inc. and Riar HR LLC (collectively "Defendants") and alleges as follows:

## PARTIES

1.     Phillips 66 is a Delaware corporation having its principal place of business at 2331 CityWest Blvd., Houston, Texas 77042.

2.     Upon information and belief, KRSM Inc. is a New Jersey corporation with an address at 1601 Princeton Ave, Lawrenceville, NJ 08648.

3.     Upon information and belief, Riar HR LLC is a Pennsylvania limited liability company with an address at 101 Parsons Lane, Newton, PA 18940.

## NATURE OF ACTION AND JURISDICTION

4.     This is an action for trademark and trade dress infringement, counterfeiting, and unfair competition, under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), as well as breach of contract.

5.     This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental

jurisdiction over Plaintiff's claims under state law, including its breach of contract claim, under 28 U.S.C. § 1367(a).

6.    Upon information and belief, Defendants regularly conduct business in the Eastern District of Pennsylvania and a substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

**I.    Phillips 66 – Intellectual Property Rights**

7.    For more than 140 years, Phillips 66 and its predecessors in interest (collectively "Phillips 66") have engaged in the world-wide manufacture, marketing, distribution, and sale of high-quality petroleum products and services, including gasoline, diesel, jet fuel, lubricants, motor fuels, and other related products and services. Phillips 66 manages over 18,000 miles of crude oil, raw natural gas liquid, natural gas and petroleum product pipeline systems in the United States, including those partially owned and operated by affiliates.

8.    Phillips 66 has long and continuously used in commerce the mark PHILLIPS 66 (since at least as early as 1927) and the associated PHILLIPS 66 Sheild Device shown below (since at least as early as 1959) in connection with gasoline, motor oil, fuel and service station services, as well as a variety of other goods and services (the "PHILLIPS 66 Marks).



9.    PHILLIPS 66-branded stations are widely recognized throughout the country. In the United States, there are over 2,500 PHILLIPS 66-branded stations.

10.    Since at least December 2016, Phillips 66 has also continuously used in commerce distinctive trade dress for its PHILLIPS 66-branded stations, including signage with the PHILLIPS 66 Marks, fuel dispenser and island elements, canopy fascia and fuel dispensers with a red horizontal line across the top above a silver line (with rivets on the canopy) of the same thickness and a gray horizontal band made of alternating dark and light gray horizontal stripes, and other distinctive components (as shown below).



In addition to its extensive common law rights, Phillips 66 owns numerous federal trademark registrations for the PHILLIPS 66 Marks and trade dress, including, but not limited to U.S. Reg. Nos. 4296339, 4296337, 5292627, 5292628, 5292626, 5531810, 5531813, 5531812, 5531811, 2904680, 2857872, 2857873, 2855920, and 3129945. Attached hereto as **Exhibit A** are copies of these registrations and TSDR pages for these registrations.

11.    Each of these registrations are incontestable pursuant to 15 U.S.C. § 1065, and therefore constitute conclusive evidence of the validity of the registered marks and of the registration of the marks, of the registrant's ownership of the marks, and of the registrant's exclusive right to use the registered marks in commerce under 15 U.S.C. § 1115(b).

12.    The common law and registered marks and trade dress discussed above are referred to collectively as the "Phillips 66 Marks & Trade Dress," unless otherwise specified.

13.    The Phillips 66 Marks & Trade Dress are inherently distinctive, and serve to identify and indicate the source of Phillips 66's products and services to the consuming public,

and to distinguish its products and services from those of others. Indeed, relevant consumers immediately recognize and rely upon the Phillips 66 Marks & Trade Dress as indicators of origin in a single source, that is, Phillips 66, and as symbols of quality and value. Such recognition of Phillips 66's products and services occurs in large measure to its substantial marketing and advertising efforts in the United States in connection with the Phillips 66 Marks & Trade Dress.

14.     Additionally, as a result of Phillips 66's frequent and widespread use and promotion of the Phillips 66 Marks & Trade Dress, they have become distinctive to designate Phillips 66's goods and services, to distinguish Phillips 66's goods and services from those of others, and to distinguish the source or origin of Phillips 66's goods and services.

15. Phillips 66 has established a number of quality control standards and procedures to protect the safety of its customers and to ensure its customers associate the Phillips 66 Marks & Trade Dress with quality products.

16. Furthermore, Phillips 66 routinely performs random quality spot checks at its authorized stations to ensure consistent quality of the products and services offered at each station.

17.     As a result of Phillips 66's quality control measures and promotion expenditures, Phillips 66 has developed goodwill, public recognition, and strong rights in its marks, which consumers have come to know and trust as symbols of quality and value.

18. Phillips 66 has invested considerable effort and resources in developing, using, advertising, and promoting the Phillips 66 Marks & Trade Dress in the United States. Over the years, Phillips 66 has sold billions of gallons of products nationwide under its Phillips 66 Marks & Trade Dress. Because of the substantial revenues generated under its brands on an annual basis, Phillips 66 is consistently ranked among top companies on the annual Fortune 500 list.

19.    As a result of Phillips 66's long, extensive, widespread, and substantially exclusive use of the Phillips 66 Marks & Trade Dress and the extensive consumer exposure to Phillips 66's quality products and services thereunder, Phillips 66 has developed enormous goodwill in the Phillips 66 Marks & Trade Dress which are of inestimable value to Phillips 66.

**II.    License Agreement Between Phillips 66 and KRSM Inc.**

20.    On May 1, 2021, Phillip 66 and Defendant KRSM Inc. entered into a trademark license agreement ("License").

21.    The License, subject to certain conditions and Phillips 66's strict quality control measures, permitted KRSM Inc. to use the Phillips 66 Marks & Trade Dress at "Designated Facilities," and to supervise or sublicense third-party use of the Phillips 66 Marks & Trade Dress at these Designated Facilities.

22.    Among the Designated Facilities included a retail fuel station located at 4043 Germantown Avenue, Philadelphia, PA 19141 (the "Infringing Site").

23.    In accordance with relevant provisions of the License, Phillips 66 terminated the License and revoked its approval to use the Phillips 66 Marks & Trade Dress at the Infringing Site, effective October 10, 2024. Since that date, KRSM Inc. and all others responsible for the Infringing Site have had no legal right to use the Phillips 66 Marks & Trade Dress in connection with the Infringing Site.

24.    Pursuant to the License, when a Designated Facility is no longer authorized or the License is terminated, KRSM Inc. is required to remove all of the Phillips 66 Marks & Trade Dress from the Designated Facility, including the Infringing Site.

25.    Pursuant to the License, KRSM Inc. agreed that, after the Designated Facility is no longer authorized or after the License is terminated, failure to remove all of the Phillips 66 Marks

& Trade Dress from a Designated Facility would constitute trademark infringement under the Lanham Act and under state statutory and common law and would cause irreparable harm to Phillips 66. KRSM Inc. further agreed that failure to cease using the Phillips 66 Marks & Trade Dress would entitle Phillips 66 to injunctive relief, and all actual expenses (including attorneys' fees and costs).

### III.    Defendants' Unauthorized Use of the Marks and Trade Dress

26.    As of October 21, 2025, the Infringing Site still prominently features the Phillips 66 Trademarks and Trade Dress, despite Phillips 66's revocation of approval to use the marks and trade dress at the site.

27.    Attached as **Exhibit B** are images showing the continued use of the Phillips 66 Marks and Trade Dress at the Infringing Site as of October 21, 2025.

28.    On information and belief, Defendant Riar HR LLC is the owner of the Infringing Site, and as such, is responsible for the ongoing infringement occurring at the Infringing Site.

29.    Defendant KRSM Inc. is the marketer who was formerly authorized to use the Phillips 66 Marks and Trade Dress at the infringing site, but whose license to use the marks and trade dress at the site has been terminated.

30.    As the former licensee responsible for ensuring the removal of the Phillips 66 Marks and Trade Dress from the Infringing Site, KRSM Inc. is also responsible for the ongoing infringement occurring at the Infringing Site.

31.    Phillips 66 informed Defendants that any authority to use the Phillips 66 Marks & Trade Dress in connection with the Infringing Site terminated at least as of October 10, 2024.

32.    The Infringing Site has since failed at least 5 consecutive audits performed by Phillips 66, including as recently as October 21, 2025.

33.     Phillips 66 has repeatedly demanded that the Infringing Site be debranded by removing all Phillips 66 Marks & Trade Dress. Defendants have failed to comply with Phillips 66's proper requests.

34.     Defendants continue to use the Phillips 66 Marks & Trade Dress at the Infringing Site, or marks or trade dresses highly similar thereto, without authority or permission from Phillips 66.

35.     Upon information and belief, the Infringing Site continues to operate as an independent station selling fuel that is unapproved, not genuine PHILLIPS 66-branded fuel and outside the scope of the minimum fuel quality standards.  By using the Phillips 66 Marks & Trade Dress at the Infringing Site to promote the sale of fuel that is not genuine PHILLIPS 66-branded fuel, Defendants are selling counterfeit services and products.

36.     Defendants have set out on a deliberate course of conduct to deceive consumers into believing that the Infringing Site continues to be connected, associated, or affiliated with Phillips 66 in an effort to unlawfully exploit Phillips 66's valuable goodwill and intellectual property. Defendants' efforts to deceive the public into believing the Infringing Site is still affiliated with Phillips 66 include Defendants' continuing and intentional use of the Phillips 66 Marks & Trade Dress at the Infringing Site, even though Defendants have no permission to do so.

IV.     **Effect of Defendants' Activities on Phillips 66 and the Consuming Public**

37.     Defendants' unauthorized use of the Phillips 66 Marks & Trade Dress is likely to cause confusion, to cause mistake, or to deceive consumers into believing falsely that there is some affiliation, connection, or association between the Infringing Site and Phillips 66, or as to the origin, sponsorship, or approval of the goods or services offered at the Infringing Site.

38.    The unauthorized use of the Phillips 66 Marks & Trade Dress by Defendants falsely designates the origin of its goods and services, and falsely or misleadingly describes and represents facts with respect to Defendants and their goods and services at the Infringing Site.

39.    Defendants' unauthorized use of the Phillips 66 Marks & Trade Dress constitutes the use of spurious marks that are identical or substantially indistinguishable from the marks shown in Phillips 66's federal registrations covering the Phillips 66 Marks & Trade Dress.

40.    Defendants' unauthorized use of the Phillips 66 Marks & Trade Dress removes from Phillips 66 the ability to control the nature and quality of goods and services provided under its marks and trade dress, and places the valuable reputation and goodwill of Phillips 66 in the hands of Defendants, over whom Phillips 66 has no control.

41.    As a proximate result of the acts of Defendants as alleged herein, Phillips 66 has suffered and will continue to suffer great damage to its trademarks, trade dress, business, goodwill, reputation, and profits.

42.    Unless these unfair and deceptive practices and acts of unfair competition by Defendants are restrained by this Court, such acts will continue to cause irreparable harm and injury to Phillips 66 and to the public, for which there is no adequate remedy at law.

43.    Defendants' acts of infringement, counterfeiting, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Phillips 66's rights. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I: INFRINGEMENT OF REGISTERED MARKS

44.    Phillips 66 repeats the above allegations as if fully set forth herein.

45. Phillips 66 owns protectable rights in the registered Phillips 66 Marks & Trade Dress.

46. Phillips 66 has priority over Defendants.

47. Defendants' unauthorized use of the Phillips 66 Marks & Trade Dress is likely to cause confusion, to cause mistake, or to deceive consumers.

48. Defendants have thus infringed Phillips 66's trademark and trade dress rights in violation of 15 U.S.C. § 1114.

49. The aforementioned acts by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable harm and incalculable monetary loss to Phillips 66 for which there is no adequate remedy at law.

## COUNT II: VIOLATION OF LANHAM ACT SECTION 43(a)

50. Phillips 66 repeats the above allegations as if fully set forth herein.

51. Phillips 66 owns protectable rights in the Phillips 66 Marks & Trade Dress.

52. Phillips 66 has priority over Defendants.

53. Defendants' unauthorized use of the Phillips 66 Marks & Trade Dress at the Infringing Site is likely to cause confusion, to cause mistake, or to deceive consumers.

54. Defendants have thus infringed Phillips 66's trademark and trade dress rights and committed unfair competition in violation of 15 U.S.C. § 1125(a).

55. The aforementioned acts by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable harm and incalculable monetary loss to Phillips 66 for which there is no adequate remedy at law.

## COUNT III: FEDERAL TRADEMARK COUNTERFEITING

56. Phillips 66 repeats the above allegations as if fully set forth herein.

57.     Phillips 66 owns federal registrations covering the Phillips 66 Marks & Trade Dress, including U.S. Reg. Nos. 4296339, 4296337, 5292627, 5292628, 5292626, 5531810, 5531813, 5531812, 5531811, 2904680, 2857872, 2857873, 2855920, and 3129945.

58.     Defendants are intentionally using spurious marks that are identical to or substantially indistinguishable from the Phillips 66 Marks & Trade Dress at the Infringing Sits, knowing that it is offering to sell counterfeit products and services.

59.     Defendants have thus engaged in counterfeiting of the Phillips 66 Marks & Trade Dress in violation of 15 U.S.C. § 1114.

60.     The aforementioned acts by Defendants have caused, and unless enjoined by this Court will continue to cause, irreparable harm and incalculable monetary loss to Phillips 66 for which there is no adequate remedy at law.

## COUNT IV: BREACH OF CONTRACT

61.     This count is against KRSM Inc.

62.     Phillips 66 repeats the above allegations as if fully set forth herein.

63.     Phillips 66 and KRSM Inc. entered an enforceable License agreement, under which Phillips 66 fully performed its obligations.

64.     KRSM Inc. was obligated under the License to remove the Phillips 66 Marks & Trade Dress from the Infringing Site following the termination of the License.

65.     KRSM Inc. has not removed the Phillips 66 Marks & Trade Dress from the Infringing Site following termination of the License.

66.     KRSM Inc. has thus materially breached the License and caused damage to Phillips 66, including irreparable damage to Phillips 66's Marks and Trade Dress and lost license fees

related to KRSM's continued unauthorized use of the Phillips 66 Marks and Trade Dress at the site without proper authorization or payment of required fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Phillips 66 requests that:

a)   Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the Phillips 66 Marks & Trade Dress at the Infringing Site and in conjunction with the Infringing Site, any element thereof, and any other mark or trade dress confusingly similar thereto;

b)   Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately modify the marks at the Infringing Site to remove or otherwise eliminate all elements and instances of the Phillips 66 Marks & Trade Dress, any element thereof, and any other mark confusingly similar thereto;

c)   Defendants be ordered to file with this Court and to serve upon Phillips 66, within 30 days after the entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

d)   Phillips 66 recover all damages it has sustained and/or all profits realized by Defendants as a result of Defendants' infringement, counterfeiting, false designations of origin, false or misleading descriptions or representations of fact, unfair competition, and unfair and deceptive business practices;

e)    An accounting be directed to determine Defendants' profits from Defendants' activities, and that such profits be paid over to Phillips 66, increased as the Court finds to be just under the circumstances of this case or trebled under 15 U.S.C. § 1117 as a result of Defendants' willful infringement and unfair competition;

f)    Alternatively, if greater, Phillips 66 recover statutory damages under 15 U.S.C. § 1117 as a result of Defendants' counterfeiting;

g)    Phillips 66 be awarded three times Defendants' profits or three times Phillips 66's damages, whichever is greater, together with its reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1117(a) and (b);

h)    Phillips 66 recover its reasonable and necessary attorneys' fees;

i)    Phillips 66 recover its costs of this action and prejudgment and post-judgment interest; and

j)    Phillips 66 recover such other relief as the Court may find appropriate.

## **JURY DEMAND**

Under Fed. R. Civ. P. 38(b), Phillips 66 demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Date: <u>December 8, 2025</u>

<u>s/ Kristen H. Mowery</u>
Kristen H. Mowery
HODGSON RUSS LLP
25 Main Street, Suite 605
Hackensack, NJ 07601
Phone Number: 201.983.5010
*Attorneys for Plaintiff*
*Phillips 66 Company*