IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PHILLIPS 66 COMPANY,           §
                               §
           Plaintiff,          §
                               §     CIVIL ACTION NO.
                               §     2:25-cv-06889-JHS
v.                             §
                               §
KRSM INC., AND                 §
RIAR HR LLC;                   §
                               §
           Defendants.         §

## **PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Plaintiff, Phillips 66 Company, has repeatedly attempted to serve Defendant KRSM Inc. This has included attempts to serve KRSM Inc.'s president and registered agent at his home address, but the agent refused to answer the door. For this reason, Plaintiff respectfully moves for an order authorizing alternative service of process on KRSM, as well as for an additional 90 days to effectuate service through the alternative means authorized by this Court.

### **Background**

Phillips 66 Company ("Phillips 66") filed this lawsuit on December 8, 2025 against KRSM Inc. ("KRSM") for trademark infringement, counterfeiting, and breach of a Trademark Licensing Agreement between KRSM and Phillips 66. ECF No. 1. Summons were issued on December 9, 2025. ECF No. 9.

The president of KRSM, Syed Kazmi, signed the Trademark Licensing Agreement ("TLA"), providing a business address for KRSM, 1601 Princeton Ave

Lawrenceville, NJ 08648, as well as the email address sk@upssites.com. *See* Declaration of Ryan Miller ("Miller Decl.") ¶2. Accordingly, Phillips 66 initially attempted to serve KRSM with the complaint and summons at 1601 Princeton Ave Lawrenceville, NJ 08648. Declaration of Neil Friedman ¶ 2. However, after the process server left the documents at that location, the owner of the property informed counsel for Phillips 66 that KRSM was never a tenant. *Id.* ¶¶ 2-3.

Because of this failed attempt, Phillips 66 conducted an additional investigation and determined that the home address of Syed Kazmi (the president of and registered agent for KRSM as well as the signer of the TLA) is 6 Lenn Road, Upper Freehold, NJ, based on prior litigation records and property records. Miller Decl. ¶3. Accordingly, Phillips 66 attempted to serve Syed Kazmi at his home address four times between January 10, 2026 and January 18, 2026. Each time, no one responded to repeated knocking, even though the process server stated it was "obvious that someone was home" and that he could "hear people talking inside the home." *See* Declaration Regarding Attempts at Service of Process ¶ 3.

Based on court records, Syed Kazmi and KRSM have previously engaged in similar attempts to evade service. *See 7-Eleven, Inc. v. KRSM Inc. et al*, DNJ-3-22-cv-07220, Dkt 12-2 (*see* Miller Decl. ¶ 3, Ex. A). Accordingly, Phillips 66 requests that the Court authorize alternative service on KRSM, allowing Phillips 66 to serve by using the email address KRSM provided in the TLA, leaving it on the doorstep of Mr. Kazmi's house, and mailing it to all known addresses for KRSM and Mr. Kazmi.

## Standard

Rule 4(e)(1) of the Federal Rules of Civil Procedure permits that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which in this case, is Pennsylvania and New Jersey, respectively.

Rule 430 of the Pennsylvania Rules of Civil Procedure states that "[i]f service cannot be made ... the plaintiff may move the court for special order directing the method of service." Similarly, New Jersey law provides that "[i]f personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment." N.J. Ct. R. 4:4-3.

A plaintiff seeking leave to effectuate alternative service should show that (1) a good faith effort has been made to locate the defendant, (2) practical efforts have been made to serve the defendant, and (3) that the proposed alternative service is reasonably calculated to provide notice. *Premium Payment Plan v. Shannon Cab Co.*, No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007). In making this showing, a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief." *Knit With v. Knitting Fever, Inc.*, No. CIV.A. 08-4221, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010). Moreover,

"due diligence does not require a plaintiff to take every conceivable action to locate a defendant." *Grange Ins. Co. v. Hankin*, No. 21-cv-11928 (MCA) (AME), 2022 WL 855694, at *3 (D.N.J. Mar. 23, 2022) (quotation and citation omitted)

Additionally, the Third Circuit has held that "[i]t is settled that a face to face encounter and an in hand delivery of the papers is not always essential under Rule 4(e)(2) . . . If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server ... simply to leave them in the defendant's physical proximity . . . ." *Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x 78, 79 (3d Cir. 2005) (quotations and citations omitted).

### Argument

i.   *Phillips 66 has made a good faith effort to locate and serve KRSM*

Courts routinely grant motions for alternative service in situations very similar to the situation this case presents. Phillips 66 has been reasonable in attempting to locate and serve KRSM. Phillips 66 first attempted to serve KRSM at the business address provided by KRSM in the TLA. When that was unsuccessful, Phillips 66 investigated KRSM's business records, court records, and property records. Miller Decl. ¶3. Business records confirmed that Syed Kazmi (the signer in the TLA, which lists him as the president) is the registered agent, the incorporator, and a member of the board of directors for KRSM. Miller Decl. ¶ 4, Exhibit B. Court records revealed that (1) Mr. Kazmi and KRSM were sued by 7-Eleven; (2) Mr. Kazmi's home address is 6 Lenn Road, Upper Freehold, NJ; and (3) that when 7-

Eleven attempted to serve him, Mr. Kazmi was visible in the home, but refused to answer the door. *7-Eleven, Inc. v. KRSM Inc. et al*, DNJ-3-22-cv-07220, Dkt 12-2 (*see* Miller Decl. ¶ 3, Ex. A). Finally, current property and tax records reveal that Mr. Kazmi is still the owner of 6 Lenn Road, Upper Freehold, NJ. Miller Decl. ¶ 5, Exhibit C.

Subsequent to this investigation, Phillips 66 attempted to serve Mr. Kazmi with the summons and complaint at 6 Lenn Road, Upper Freehold, NJ four times. Though it was obvious to the process server that someone was home, and despite repeated knocking, no one answered. Declaration Regarding Attempts at Service of Process, ¶ 3

Phillips 66 has thus demonstrated the type of good faith effort to locate a defendant and practical effort to effectuate service that courts have found justifies alternative service. *See, e.g., Florkevicz v. Curcio*, No. 25-CV-2316 (SDW) (SDA), 2025 WL 3496744, at *3 (D.N.J. Dec. 5, 2025) ("The U.S. Marshals Service made efforts to personally serve Curcio on four separate occasions at her residence to no avail. Further, Plaintiff attempted to send Curcio the Complaint via certified mail. Based on the repeated unsuccessful attempts, it appears that Curcio may be attempting to evade service.")

ii.    *Phillips 66's requested method of service is reasonable.*

Given Phillips 66's efforts to serve KRSM have been unsuccessful, Phillips 66 requests that it be allowed to effectuate service by (1) emailing the service documents to the email Mr. Kazmi provided in the TLA;  (2) leaving the summons and complaint

on the doorstep of the house at 6 Lenn Road, Upper Freehold, NJ; and (3) mailing it to all known addresses for KRSM and Mr. Kazmi. As discussed below, each of these individually is reasonably calculated to provide notice. Accordingly, together, these methods of service are more than sufficient to satisfy the requirements of due process. First, the email address provided by Mr. Kazmi as part of the TLA  has been actively used by Mr. Kazmi. Indeed, in a couple of other matters between Phillips 66 and Mr. Kazmi, Mr. Kazmi has corresponded with counsel for Phillips 66 through that email. Miller Decl. ¶ 6, Exhibit D. In similar circumstances, courts have found that email is reasonably calculated to provide notice. *Delaware Valley Aesthetics, PLLC v. Doe*, No. CV 20-0456, 2021 WL 5906152, at *2 (E.D. Pa. Dec. 14, 2021) ("Plaintiffs seek leave to serve John Doe 1 by email. The Court finds that this method is reasonably calculated to provide notice for two reasons. First, John Doe 1 has previously used the proposed email address to communicate with Plaintiffs' counsel. Service to John Doe 1's known email address will likely be received and is reasonably calculated to provide notice."); *Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd.*, No. 20-CV-3865, 2021 WL 915662, at *5 (E.D. Pa. Mar. 10, 2021) ("Courts have generally granted requests for e-mail service where the moving party has presented some evidence that the defendant is likely to actually receive the e-mail containing the Summons and Complaint.").

Second, courts have found that leaving the service documents at the door when someone is home but refuses to answer, and then subsequently mailing the documents is sufficient to provide the required notice. *Carpenters Combined Funds,*

*Inc. by Klein v. Advanced Elec. Constr., Inc.*, No. 2:12CV1393, 2012 WL 13418907, at *1 (W.D. Pa. Dec. 5, 2012) ("the Court will be satisfied that service is proper if Plaintiff makes another attempt to serve George Dayieb at his residence, but if there are people in the home and refuse to open the door to accept service, the documents may be left at the door of the residence. Plaintiff shall then serve a copy of the Summons and Complaint by United States Mail, first class, postage prepaid.")

### Conclusion

For these reasons, Phillips 66 requests leave to effectuate service by (1) emailing the service documents to the email Mr. Kazmi provided in the TLA; (2) leaving the summons and complaint on the doorstep of the house at 6 Lenn Road, Upper Freehold, NJ; and (3) mailing it to all known addresses for KRSM and Mr. Kazmi. To provide a reasonable amount of time to complete alternative service, Phillips 66 also requests an additional 90 days to effectuate service through the alternative means authorized by this Court.

Date: February 4, 2026                              Respectfully submitted,


                                                    s/ Kristen H. Mowery
                                                    Kristen H. Mowery
                                                    HODGSON RUSS LLP
                                                    25 Main Street, Suite 605
                                                    Hackensack, NJ 07601
                                                    Phone Number: 201.983.5010
                                                    *Attorneys for Plaintiff Phillips 66*
                                                    *Company*